IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 08-cr-89-JLK
 (Civil Action No. 12-cv-2925-JLK)

UNITED STATES OF AMERICA,

  Plaintiff,

v.

1. ARNOLD ZALER

  Defendant.

_____

ORDER
_____

KANE, J.

  Defendant Arnold Zaler, through new counsel, D'Arcy Straub, moves under 28 U.S.C. § 2255 to vacate or set aside the concurrent 15-year sentences I imposed against him in Criminal Action No. 08-cr-89-JLK. A previous appeal of these sentences as substantively and procedurally unreasonable has already been rejected by the Tenth Circuit Court of Appeal. *See U.S. v. Zaler*, 405 Fed. Appx. 301 (10th Cir. 2010)(lengthy opinion unpublished).

  Mr. Zaler's § 2255 Motion is premised on "judicial faith-based bias," which Mr. Zaler purports not to have discovered "until November 2010, which was only a month

1

before the 10th Circuit's decision in December 2012."[1] *See* Motion to Vacate (Doc. 90) at pp. 4-5 of 76. The source of this information appears to be Mr. Straub, an attorney who was a party litigant in an unrelated civil action in my court nearly ten years ago. *Straub v. Lazaroff*, Civil Action No. 00-cv-2331-JLK (D. Colo.). According to Mr. Zaler, I am, or culturally identify myself as, "Jewish" (Doc. 90, at 16) and sentenced him excessively and unreasonably as a result of a Jewish "faith-based bias" he claims is evidenced by my handling of Mr. Straub's old civil case.

The matter is before me now on Mr. Zaler's Motion to Recuse under 28 U.S.C. § 455(a) (Doc. 3), which is premised on the same faith-based bias allegations. Under 28 U.S.C. § 455(a), recusal is appropriate where the judge's impartiality "might reasonably be questioned." No affidavits are required. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987). Under this standard, the judge must recuse when there is the appearance of bias, regardless of whether there is actual bias. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir.2002). "[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestions of personal bias or prejudice." *Franks v. Nimmo, et al.*, 796 F.2d 1230 (10th Cir.1986)(quoting *United States v. Hines*, 696 F.2d 722, 729

---

[1] As Mr. Zaler notes in his Addendum to § 2255 Form (Doc. 90, p. 10 of 76), this assertion would, under ordinary circumstances, support a denial of Mr. Zaler's Motion to Vacate as untimely under 28 U.S.C. § 2255(f)(imposing a 1-year period of limitation for filing motions under § 2255, which period begins to run from "the date on which the facts supporting the claim or claims presented [were or] could have been discovered through the exercise of due diligence." Because I recuse myself from the § 2255 action, I leave the question of equitable tolling for the judge ultimately reassigned.

(10th Cir.1982)). Having ruled against a particular litigant (or his counsel) in an unrelated case is per se insufficient by itself to warrant recusal under § 455(a). *See United States v. Grismore*, 564 F.2d 929 (10th Cir.1977).

Nevertheless, because I recused myself in Mr. Straub's case (for the entirely un-faith-based bias reason that I knew and had supported Alby Segall, a potential witness in that case, when he was a candidate for office in a non-partisan municipal election), I agree it is best that this case be reassigned. *See* Order on Motion to Recuse, No. 11-cv-2331 (Doc. 90-7). I am open to ruling on the merits of any well-plead claim presented by Mr. Zaler or his counsel, and to consider impartially every representation they make in a document signed and filed after an inquiry reasonable under the circumstances. I agree that it makes sense in this case to avoid the inevitable headaches that would ensue were I to rule on Mr. Zaler's § 2255 Motion over his objection. Accordingly, Mr. Zaler's Motion to Recuse (Doc. 91) is GRANTED. The Motion to Vacate Sentence (Doc. 90), should be REASSIGNED to a different judge.

Dated November 8, 2012.

    **s/John L. Kane**
    SENIOR U.S. DISTRICT JUDGE